INTERNATIONAL AND GREAT NORTHERN R'Y CO.
v.
SMITH COUNTY ET AL.

(Case No. 1701)

1. RAILROADS—EXEMPTIONS.—Arguments and conclusions of the court in I. & G. N. Ry. Co. v. Anderson county, 59 Tex., adopted.
2. SAME — ACT OF 1875.— The "property" or "franchise" of a railroad, exempted from taxation by a legislative act, was sold under a mortgage. *Held*:
    (1) That the right of exemption from taxation probably did not pass by the sale as a thing sold and *per force* of the sale.
    (2) The act of March 10, 1875, was a declaration having the force of a law, as well as a contract, by which the right to the exemption was secured to persons who might succeed in any manner to the corporate rights and ownership of the property exempted from taxation by the act.
    (3) The exemption passed by force of the law, while title to the thing exempted was subject to the rules regulating the transfer of property.
    (4) The word "successors" was evidently used to designate such persons as might, in a lawful manner, acquire the proprietorship of the corporate rights and

property through which they were to be exercised, while "assigns" was probably used to designate parties who might acquire the land certificates before location, or the lands afterwards.

ERROR from Smith. Tried below before the Hon. J. C. Robertson.

This suit was filed by plaintiffs in error in the District Court of Smith county, June 10, 1880, to enjoin the county of Smith and her officers from collecting state and county taxes claimed to be due on that part of plaintiff in error's railroad constructed from Troupe to the east boundary of Smith county, 11¾ miles, by the International Railroad company, under its charter granted August 5, 1870. The International Railroad company was authorized to build a road across the state of Texas, as designated in its charter and amendments, and to maintain and operate the same, and was by the charter exempt from all taxes for five years, from August 5, 1870, to August 5, 1875. Also, the state agreed to execute and deliver to the company the state's bonds, $10,000 per mile of road constructed under the act. The company constructed its road under the charter about 200 miles, and the state failed to deliver the bonds. In 1873 the Houston and Great Northern Railroad company, chartered October 22, 1866, and the International Railroad Company, by a vote of the stockholders of the two companies, with all the property, rights, franchises and exemptions were consolidated, and the consolidation was approved by act of the state, March 10, 1875, known as the "Compromise Act." By act of March 10, 1875, the state recognized the validity of the act of August 5, 1870, granting $10,000 to the mile, and the exemption from taxation for five years of the property of the International Railroad company, its successors and assigns, and its railroads then constructed and thereafter to be constructed under the International charter. No subsidy or aid by bonds were given by Smith county to the International Railroad company, but $200,000 of bonds were donated by Smith county to the Houston and Great Northern Railroad company in 1872, after the construction of that road through Smith county. The International and Great Northern Railroad company, listed, assessed and paid tax in Smith county, both state and county, on all its taxable property in Smith county, each year from 1875, except the tax on the 11¾ miles of railroad and appurtenances of the International Railroad, but never listed, assessed or paid tax thereon, and the state never ordered or directed any state or county tax assessed or collected thereon, and the taxes, state and county, from January 1, 1875, were claimed by appellant, and constituted the matter in controversy. On the 1st day of July and the 10th day of November, 1879, the Commissioners' Court of Smith county ordered

and directed the assessor of Smith county to assess all property claimed to be exempt by the Compromise Act from taxation by the International and Great Northern Railroad company, for the years 1875 to 1879 inclusive, and, by agreement, the years 1880 and 1881 were included afterwards, amounting to —— dollars; and, appellant refusing to pay the tax demanded by the collector of Smith county, the collector was proceeding to collect by levy, advertisement and sale, when this suit was filed and its injunction granted. Appellant claimed that the exemption existed on the 11¾ miles and appurtenances of the International Railroad built under the charter. The defendant claimed that the property was subject to the tax for the county and state, and substantially alleged:

1. That the act exempting appellant and all its property acquired by and through consolidation from the International Railroad company was unconstitutional and void.

2. That, if not void, the county of Smith having granted a subsidy of $200,000 to the Houston and Great Northern Railroad company, the county of Smith was excepted by the law creating the exemption.

3. That the mortgage of the road prior to the exemption, and the subsequent sale of the International Road and the International and Great Northern Railroad, with which the International Railroad was consolidated in 1879, worked a release of the exemption, inasmuch as the exemption was a personal privilege to the International Railroad company, and not to it or assigns.

The case was submitted to the court without a jury March 1st, 1882, taken under advisement, and judgment rendered April 6, 1882, dissolving the injunction and allowing cost.


*W. S. Herndon,* for plaintiff in error, on constitutionality, cited: Spec. Acts 12 Leg., 1870, pp. 107, 108, secs. 9, 10, 11, 12; Spec. Acts 14 Leg., 1875, p. 69, art. 12, sec. 19, Const. 1869; P. D. vol. 2, p. 1127; Cooley Const. Lim., secs. 127, 171, 172, 173, 174, 175, 280, 283, and note 513, 514, 515; Cooley on Tax., sec. 53, and cases cited; Marowetz on Priv. Corp., sec. 430; Field on Corp., sec. 517; I. & G. N. R. R. *v.* Anderson county, Tex. Law Rev., vol. 1, p. 210; Tomlinson *v.* Branch, 15 Wall., 460; McGee *v.* Mathis, 4 Wall., 143, 156; Spec. Law, 14 Legislature, pp. 70, 71, sec. 1; Cooley Const. Lim., secs. 220, 283, and notes 280, 281; Phil. & Balt. R. R. Co. *v.* Maryland, 10 How. 376; Central R. R. *v.* Georgia, 2 Otto, 665; 16 Wall., 244; Murphey *v.* Regor, 3 Tex. Law Rep., 216; 15 Fla., 637; 21 Minn., 315, 334; Dodge *v.* Wolsey, 18 How., 360; Davis *v.* Gray, 16 Wall., and cases

cited; I. & G. N. R. R. Co. v. Anderson county et al., Tex. Law Rep., vol. 1, p. 210, April 17, 1883.

On the question of whether or not the exemption passed to the vendee he cited: R. S., art. 4260; Murphey v. Pryor, 16 Wall., 244, Marowetz on Priv. Corp., sec. 552; Chesepeake R. R. v. Virginia, 4 Otto, 718; Field on Priv. Corp., secs. 428, 429, 434, 435, 436 and notes, sec. 57, 59; Blackstone's Com., vol. 2 (Wendell's Ed.), secs. 430, 431, 432; 4 Wall., 143, 156; 99 U. S., 349; 93 U. S., 217; 103 U. S., 1, 417; Spec. Laws, 1870, pp. 107, 108; 14 Legislature, 1875, pp. 69, 70, 71, with evidence in acts; Cooley on Const. Lim., secs. 220, 283, and notes; Tomlinson v. Branch, 15 Wall., 460; McGee vs. Mathis, 4 Wall., 143, 156.

On impairing the obligation of contracts, he cited: Const. U. S., art. 10, sec. 1; Paschal's Ann. Dig. Const., notes 155-159; Parsons on Cont., vol. 2, p. 711, and notes; Cooley Const. Lim., secs. 15, 33, 126, 273, 274, 275, 279, 281-4; Sturgis v. Crowninshield, 4 Wheaton, 122; Dodge v. Woolsey, 18 How., 331.

*Horace Chilton*, for defendants in error, cited: Wilson v. Gaines, 103 U. S., 417; R. R. v. Commissioners, 103 U. S., 1; R. R. v. Hamblen, 102 U. S., 273; R. R. v. Grimes, 97 U. S., 698; Morgan v. Louisiana, 93 U. S., 223; West Wis. R. R. v. Supervisors, 93 U. S., 595; Tucker v. Ferguson, 22 Wall., 575; Hoge v. R. R., 99 U. S., 348.

STAYTON, ASSOCIATE JUSTICE.—There is no question involved in this case not involved and considered in the case of I. & G. N. R'y Co. v. Anderson County, reported in 59 Tex., 654; and we deem it unnecessary to restate the grounds on which we hold the ruling of the court below to be erroneous.

There is one question presented in brief of counsel, however, which we deem it proper to state our conclusions upon. The exemption from taxation claimed in this suit, for the year 1875, is given by the act of Aug. 5, 1870, and for all succeeding years it is given by the act of the legislature passed March 10, 1875; since which time a sale of the railway with its property and franchises was made, under foreclosure of mortgages.

At the sale, the property and rights sold were purchased by other persons, who afterwards reconveyed to the plaintiff in error, to which, as a corporation, exemption from taxation was given by the act last referred to.

It is insisted that the exemption from taxation did not pass to the

purchasers under the foreclosure sale of "property" or "franchise" mortgaged, directed by the decree to be sold, or sold, and that the sale destroyed the right to the exemption.

That the right to the exemption from taxation did not pass by the sale, as a thing sold and per force of the sale, might be admitted under the authority of the cases cited by counsel for the defendant in error.

That question, however, we deem of no importance in view of the legislation which gave the exemption.

The act declares that "the said railroad company and its successors, and its and their capital stock, rights, franchises, railroads constructed and to be constructed pursuant to the said act of August 5, A. D. 1870, and this act, rolling stock and all other property which now is or hereafter may be owned or possessed by said company, or its successors, in virtue of the said act of August 5, 1870, is hereby exempted and released from all state, county, town, city, municipal and other taxes for a period of twenty-five years from the 5th day of August, A. D. 1875, except," &c.   It further declares, "and this act shall also be held to constitute an irrepealable contract between the state and the said company, its successors and assigns."

This legislation is susceptible of but one reasonable construction, which is, that it was thereby intended the exemption should attach to the things exempted from taxation in the hands of whomsoever may succeed to the property and corporate rights of the corporation to which the exemption was given, and so, by force of the statute.

It was, in effect, a declaration having the force of a law as well as a contract, by which the right to the exemption was secured to such corporation or person as might succeed, in any manner, to the corporate rights and ownership of the things exempted from taxation in the hands of the corporation to which the exemption was given by the act.

The exemption passes by force of the law, while title to the things exempted is subject to the rules which regulate the transfer of property.

The word "successors" is evidently used to designate such corporations or persons as may, in any lawful manner, acquire the proprietorship of the corporate rights and property through which they are to be exercised, which had the corporation to which the exemption was given, while the word "assigns," from the connections in which it is used, was probably used to designate such persons or corporations as might acquire the land certificates before location, or the lands afterwards.

The judgment of the court below will be reversed and judgment

here rendered, perpetuating the injunction restraining the defendants. in error from collecting, or attempting to collect, the taxes claimed in this suit for Smith county.

REVERSED AND RENDERED.

[Opinion delivered December 18, 1885.]